UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE PETERSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>　　　　　Defendant. | No.  2:12-cv-1624 MCE DAD<br><br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, it is recommended that plaintiff's motion be denied, defendant's cross-motion be granted, and the the decision of the Commissioner of Social Security (Commissioner) be affirmed.

PROCEDURAL BACKGROUND

On May 12, 2009, plaintiff filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act") alleging disability beginning on January 1, 2004. (Transcript ("Tr.") at 10, 118.)  Plaintiff's application was denied initially and upon reconsideration.  (Id. at 60-72.)  Thereafter, plaintiff requested a hearing and a hearing was held before an Administrative Law Judge ("ALJ") on January 10, 2011.  (Id. at 73, 27-57.)  Plaintiff

1

was represented by an attorney and testified at that administrative hearing. In a decision issued on February 8, 2011, the ALJ found that plaintiff was not disabled. (Id. at 22.)

The ALJ entered the following findings:

> 1. The claimant has not engaged in substantial gainful activity since May 12, 2009, the application date (20 CFR 416.971 *et seq.*).
>
> 2. The claimant has the following severe impairments: cervicalgia; diabetes mellitus; obesity; a history of methamphetamine abuse, resulting in substance induced mood disorder; hepatitis C; arthralgia (20 CFR 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) with the following limitations: the claimant can lift and/or carry 10 pounds frequently and 20 pounds occasionally; she can stand, walk, and sit for six hours in an eight-hour workday; she has no push/pull limitations other than as indicated for lifting and carrying; the claimant is limited to occasional climbing of ramps and/or stairs, balancing, stooping, kneeling, crouching, and crawling; she is precluded from climbing ladders, ropes, and scaffolds; she is to avoid concentrated exposure to extreme heat and cold, fumes, odors, dusts, gases, poor ventilation, and hazards. Furthermore, the claimant is limited to unskilled work only, meaning an individual can understand, remember, and carry out simple instructions, make judgments on simple work-related decisions, interact appropriately with the public, supervisors, and coworkers, and respond appropriately to the usual work situations and changes in a routine work setting that are consistent with simple repetitive tasks.
>
> 5. The claimant has no past relevant work (20 CFR 416.965).
>
> 6. The claimant was born on July 12, 1963 and was 45 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).
>
> 7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).
>
> 8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).
>
> 9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

    10. The claimant has not been under a disability, as defined in the Social Security Act, since May 12, 2009, the date the application was filed (20 CFR 416.920(g)).

(Id. at 12-22.)

On April 17, 2012, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on June 17, 2012.

## LEGAL STANDARD

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record as a whole and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Morgan, 169 F.3d at 599); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. Jones, 760 F.2d at 995. The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920. Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The five-step

process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Yuckert, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In her pending motion for summary judgment plaintiff argues that the ALJ committed the following two principal errors in finding her not disabled: (1) the ALJ erred with respect to evaluating the medical opinion evidence; and (2) the ALJ improperly rejected plaintiff's own testimony concerning her subjective symptoms.[1]

/////

---

[1] In her reply to the Commissioner's cross-motion for summary judgment, plaintiff objects to defendant's characterization of her complaint as asserting only these two claims, arguing that "[s]uch assertion minimizes the degree of error committed by the ALJ." (Pl.'s Opp'n (Dkt. No. 16) at 1.) Plaintiff, however, does not identify any additional claims presented by her complaint. Moreover, aside from the vague and conclusory allegation that the ALJ's opinion failed to rely on "substantial evidence" or "any evidence at all" (Pl.'s MSJ (Dkt. No. 12-1), the undersigned can discern no other clearly articulated claims in either plaintiff's complaint or her motion for summary judgment.

I.      **Medical Opinion Evidence**

Plaintiff first argues that the ALJ erred in addressing the medical opinion evidence of record.  (Pl.'s MSJ (Dkt. No. 12-1) at 5-10.[2])  Specifically, plaintiff argues that the ALJ improperly rejected the medical opinion of examining doctor Dr. Sid Cormier, Ph. D.  (Id. at 5-6.)  Plaintiff argues that Dr. Cormier's opinion is "consistent with 'disability' according to Social Security Ruling 85-15."  (Id. at 5.)

The record reflects that plaintiff was seen by Dr. Cormier on November 4, 2008 for a Psychiatric Examination.  (Tr. at 283.)  Pursuant to that examination Dr. Cormier's functional assessment of plaintiff found that her "adjustment disorder may moderately impair" her ability to perform simple and repetitive tasks, her ability to perform work activities on a consistent basis and "perhaps" her ability to complete a normal workday or workweek without interruptions.  (Id. at 287.)  However, Dr. Cormier also concluded that plaintiff was "quite capable of accepting and remembering instructions from supervisors," and her history and interview behavior "did not suggest significant impairment regarding her ability to interact with coworkers or the general public," or in her ability to deal with typical stresses she may encounter in a competitive work situation.  (Id.)  Moreover, Dr. Cormier found that plaintiff appeared capable of adjusting to routine changes in a work setting and that she did not demonstrate significant impairment in her ability to sustain concentration, persistence, or pace.  (Id.)

The record reflects that on August 5, 2009, Dr. Cormier again examined plaintiff, this time for a Comprehensive Mental Evaluation By Psychologist.  (Id. at 354.)  Dr. Cormier's functional assessment of plaintiff at that time was largely consistent with that of his November 4, 2008 opinion.  In this regard, Dr. Cormier opined that plaintiff's symptoms were "likely to mildly to moderately" impair her ability to perform simple and repetitive tasks as well as her ability to complete a normal workday or workweek without interruptions.  (Id. at 357.)  Moreover, Dr. Cormier found that plaintiff's symptoms "may moderately impair" her ability to maintain regular attendance and perform work activities on a consistent basis.  (Id.)

---

[2]  Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

However, it was also Dr. Cormier's opinion that plaintiff did not "appear to require special or additional supervision" and that she was "capable of accepting and remembering instructions from supervisors." (Id.) Moreover, Dr. Cormier observed that plaintiff was able to interact with coworkers and the general public, "did not demonstrate impairment regarding sustained concentrations, persistence, or pace," and that her history and response to the stress of the evaluations "did not suggest impairment regarding her current ability to deal with typical stresses that she may encounter in a competitive work situation." (Id.) Finally, Dr. Cormier concluded by stating that, "[o]stensibly, [plaintiff] appears functional outside of a highly supportive situation at this time." (Id.)

Plaintiff argues that Dr. Cormier's opinions "are consistent with disability according to Social Security Ruling 85-15." (Pl.'s MSJ (Dkt. No. 12-1) at 5.) Social Security Ruling 85-15 provides that:

> The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting. A substantial loss of ability to meet any of these basic work-related activities would severely limit the potential occupational base.

SSR 85-15, 1985 WL 56857, at *4.

Dr. Cormier's opinions did not indicate that plaintiff was substantially limited in her ability to understand, carry out, and remember simple instruction, respond appropriately to supervision, coworkers, and usual work situations or in dealing with changes in a routine work setting. While Dr. Cormier did find that plaintiff was mildly or moderately impaired in her ability to perform simple and repetitive tasks, even a moderate impairment in that area of functioning is not necessarily disabling. See Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008) (ALJ's finding that claimant could perform "simple tasks" adequately accounted for "moderate" limitation in ability "to perform at a consistent pace without an unreasonable number of rest periods" and "several moderate limitations in other mental areas"); Hoopai v. Astrue, 499 F.3d 1071, 1077 (9th Cir. 2007) ("We have not previously held mild or moderate depression to be a

sufficiently severe non-exertional limitation that significantly limits a claimant's ability to do work beyond the exertional limitation."); Lacroix v. Barnhart, 465 F.3d 881, 888 (8th Cir. 2006) (affirming ALJ despite doctor's finding of mentally based "moderate limitations in the ability to respond appropriately to work pressures" because "moderate ranking means that the individual is still able to function satisfactorily"); Edelbrock v. Commissioner of Social Sec., No. 1:12-cv-0514 JLT, 2013 WL 1622446, at *6 (E.D. Cal. Apr. 15, 2013) ("Significantly, a limitation to simple tasks incorporates moderate limitations in several areas of cognitive functioning."); see also 20 CFR § 416.920a ("If we find that you have a severe mental impairment(s) that neither meets nor is equivalent in severity to any listing, we will then assess your residual functional capacity.").

Plaintiff also argues that the ALJ improperly rejected Dr. Cormier's opinions, leaving "no mental health medical opinion for her to rely on at all." (Pl.'s MSJ (Dkt. No. 12-1) at 6.) The ALJ, however, did not reject Dr. Cormier's opinions entirely, but instead gave them "little weight" in relation to the other evidence of record.[3] (Tr. at 19.) Moreover, Dr. Cormier's opinions are consistent with the ALJ's mental residual functional capacity determination.

Accordingly, for the reasons stated above, the undersigned finds that plaintiff is not entitled to relief with respect to her claim that the ALJ erred in evaluating the medical opinion evidence.

## II.   **Plaintiff's Testimony**

Plaintiff next argues that the ALJ's residual functional capacity determination, with respect to plaintiff's physical limitations, "is entirely inconsistent with the objective medical

---

[3] The undersigned does note, however, that the reasoning of the ALJ with respect to her treatment of Dr. Cormier's opinion was somewhat curious. In this regard, the ALJ purported to give Dr. Cormier's opinions little weight because the ALJ found that the functional limitations indicated by Dr. Cormier's opinions "were not restrictive enough" and the ALJ chose to give "the claimant the benefit of the doubt" in reaching a purportedly "more restrictive mental residual functional capacity." (Id. at 19-20.) The ALJ's opinion, however, does not elaborate as to precisely how her mental residual functional capacity determination is more restrictive than that indicated by Dr. Cormier's opinion. Moreover, a comparison of the two finds them to be essentially identical. Nonetheless, plaintiff's claim that "Dr. Cormier's functional limitations were only consistent with a finding of 'disabled'" is rejected for the reasons discussed above. In short, affording more weight to Dr. Cormier's opinions would not result in a finding of disability.

1  evidence." (Pl.'s MSJ (Dkt. No. 12-1) at 6.) In this regard, plaintiff argues that there is objective
2  evidence in the record showing that she has "severe cervical problems," and complained of
3  "difficulty with grip and pain her hands . . . . compounded by her bilateral carpal tunnel
4  syndrome." (Id.)

5      The ALJ, however, considered the evidence relied upon by plaintiff and noted that
6  plaintiff "consistently received conservative medical treatment for her subjective complaints,"
7  specifically medications, non-steroidal anti-inflammatory injections and physical therapy. (Tr. at
8  18.) Moreover, the ALJ found that plaintiff's subjective complaints "appeared to have stabilized .
9  . . and in some instances, her symptoms actually improved with conservative medical treatment."
10  (Id.) "[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony
11  regarding severity of an impairment." Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007). See
12  also Tommasetti v. Astrue, 533 F.3d 1035, 1040 (9th Cir. 2008) (a favorable response to
13  conservative treatment undermines a claimant's claims of disabling pain).

14      Plaintiff strenuously objects to the ALJ's conclusion arguing that the ALJ attempted to
15  disregard the objective evidence of record "by indicating that a homeless woman living in a
16  mission and suffering mental problems should have the finances and wherewithal to have more
17  aggressive treatment." (Pl.'s MSJ (Dkt. No. 12-1) at 7.) Plaintiff, however, misunderstands
18  and/or mischaracterizes the ALJ's finding on this point.

19      The ALJ's did not discredit plaintiff for failing to obtain more aggressive treatment. To
20  the contrary, the ALJ, upon reviewing the evidence, found that plaintiff received conservative
21  medical treatment, which "stabilized" and "improved" her subjective complaints, thus indicating
22  that plaintiff's medical conditions were not so great as to require aggressive treatment.[4] (Tr. at
23  18.)
24  /////

---

[4] Therefore, this is not a situation where the ALJ impermissibly discredited a plaintiff's testimony for failing to obtain treatment when the plaintiff could not afford such treatment. See generally Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) (finding that plaintiff's failure to seek treatment not proper basis for discrediting testimony when plaintiff testified that she did not seek treatment because she "had no insurance and could not afford treatment").

Plaintiff also takes issue with the ALJ's finding that plaintiff's daily activities were inconsistent with her testimony concerning her subjective complaints. (Pl.'s MSJ (Dkt. No. 12-1) at 7.) In this regard, the ALJ noted that plaintiff had "engaged in a somewhat normal level of daily activity and interaction," including handling her finances, shopping, cooking, doing laundry, dishes, makings beds, using public transportation and attending church and drug rehabilitations services on a daily basis. (Tr. at 16.) The ALJ found that plaintiff's ability to participate in these daily activities undermined her allegations of disabling functional limitations. (Id.)

While a plaintiff need not be "utterly incapacitated to be eligible for benefits," Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989), the ALJ may consider the plaintiff's daily activities as a factor in evaluating the plaintiff's subjective complaints.[5] See Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005) (ALJ may properly rely on inconsistency between claimant's subjective complaints and objective medical findings); Bunnell v. Sullivan, 947 F.2d 341, 346-47 (9th Cir. 1991) (including effectiveness of medication, treatment other than medication, the claimant's daily activities, and ordinary techniques of credibility evaluation among the factors that may be considered by an ALJ in assessing the credibility of allegedly disabling subjective symptoms); see also 20 C.F.R. § 404.1529(a) ("We will consider all of your statements about your symptoms, such as pain, and any description you . . . may provide about how the symptoms affect your activities of daily living and your ability to work.").

Accordingly, for the reasons stated above, the undersigned finds that plaintiff is not entitled to relief with respect to her claim that the ALJ improperly rejected plaintiff's testimony concerning her subjective symptoms.

## CONCLUSION

The undersigned has found that plaintiff should not be granted summary judgment in her favor with respect to any of her arguments.

Accordingly, IT IS HEREBY RECOMMENDED that:

---

[5] In addition to plaintiff's daily activities, the ALJ also found that discrepancies in plaintiff's testimony concerning her work history and drug use "diminishe[d] the persuasiveness of [her] subjective complaints and alleged functional limitations." (Tr. at 16.)

        1. Plaintiff's motion for summary judgment (Dkt. No. 12) be denied;

        2. Defendant's cross-motion for summary judgment (Dkt. No. 13) be granted; and

        3. The decision of the Commissioner of Social Security be affirmed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 11, 2014

       */s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.soc sec\peterson1624.f&rs.docx